AARON D. FORD
  Attorney General
CECELIA J. BLUE, Bar No. 17031C
  Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1114
E-mail:  cblue@ag.nv.gov

*Attorneys for Interested Party,*
*Nevada Department of Corrections*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MORGAN OSBORNE,<br><br>                    Plaintiff,<br><br>v.<br><br>SARAH, *et al.*,<br><br>                    Defendants. | Case No. 3:25-CV-00132-MMD-CLB<br><br>**ORDER GRANTING MOTION FOR AN EXTENSION OF TIME TO FILE EARLY MEDIATION CONFERENCE STATEMENT**<br><br>[ECF No. 12] |

Interested Party, the Nevada Department of Corrections, by and through Aaron D. Ford, Attorney General for the State of Nevada, and Cecelia J. Blue, Deputy Attorney General, Office of the Attorney General, hereby move this Honorable Court for an extension of time for the Early Mediation Conference Statement to February 10, 2026.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.      FACTUAL ANALYSIS

This is a 42 U.S.C § 1983 civil rights claim brought by Morgan Osborne ("Osborne"). This Court ordered the Early Mediation Conference ("EMC") Statement due to the mediator by February 3, 2026, and the EMC to take place on February 17, 2026. ECF No. 10. Deputy Attorney General Mark Hackmann ("DAG Hackmann") permanently left the Office of the Attorney General, and this case is one of several cases previously assigned to DAG Hackmann reassigned to Deputy Attorney General Cecelia Blue ("DAG Blue"). DAG Blue needs time to complete the review and abstraction of the electronic file in this matter and prepare the EMC Statement.

As such, Interested Party now files a Motion for an Extension of Time for the EMC Statement submission. Interested Party requests the EMC Statement deadline be extended to February 10, 2026. This is Interested Party's first request to extend the EMC Statement deadline.

## II.    ARGUMENT

Interested Party respectfully request an extension of the EMC Statement deadline in this case. Interested Party's previous attorney in this matter, DAG Hackmann, is no longer with the OAG; as a result, undersigned counsel is now assigned to this case along with several others from DAG Hackmann. Undersigned counsel, DAG Blue, requests the time to finish reviewing and abstracting the case file in this matter and preparing the EMC Statement.

Fed. R. Civ. P. Rule 6(b)(1) governs extensions of time and allows, in relevant part, that "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires…." If additional time for any purpose is needed, the proper procedure is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.,* 31 F.R.D. 282 (W.D. Pa. 1962). An extension of time may always be sought and is usually granted on a showing of good cause if timely made under subdivision (b)(1) of [FRCP 6]. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947). Also, a district court possesses the inherent power to control its own docket. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

LR IA 6-1 additionally requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good

cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

Interested Party's Counsel needs time to finish reviewing and abstracting the case file, as well completing the EMC Statement and submitting it with any necessary supporting documentation. Interested Party asserts the requisite good cause is present to warrant the requested extension of time.

**A.    Proposed Schedule for EMC Statement**

| Event | Existing Deadline | Proposed New Deadline |
|---|---|---|
| EMC Statement Deadline | February 3, 2026 | February 10, 2026 |

## III.    CONCLUSION

Interested Party respectfully request this Honorable Court extend the deadline for the EMC Statement submission in the instant matter to February 10, 2026. Interested Party asserts the requisite good cause is present to warrant an extension of time.

DATED this 3rd day of January 2026.

AARON D. FORD
Attorney General


By:    */s/ Cecelia J. Blue*
CECELIA J. BLUE, Bar No. 17031C
Deputy Attorney General

*Attorneys for Interested Party*

**ORDER**

For good cause appearing, Interested Party's motion to extend the deadline to file its EMC statement is **GRANTED**. Interested Party shall file its EMC statement on or before **February 10, 2026**.

**IT IS SO ORDERED.**

**DATED:** February 3, 2026

_____
UNITED STATES MAGISTRATE JUDGE

Page **3**